## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL P. BAKER** | § | |
| | § | |
| **V.** | § | **A-16-CV-1155-RP** |
| | § | |
| **ERIKA C. SWINDALL** | § | |

### ORDER ON *IN FORMA PAUPERIS* STATUS AND
### REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO:    THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Michael P. Baker's  Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. No. 10); as well as the various documents he filed in support of his removal of this case, styled *In the Interest of [S.K.S.] a Child*, No. D-1-FM-002632, from the 126th Judicial District Court, Travis County. The District Court referred the motion to the undersigned Magistrate Judge pursuant to a standing order of the Court and 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C to the Local Rules of the United States District Court for the Western District of Texas.

### I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Baker's financial affidavit indicates that until February 2016, he earned $13,000 per month in wages, and that in the past twelve months he also received $5,760 in unemployment compensation. Dkt. No. 10 at 2.  The affidavit indicates that he has been unemployed since February of 2016, and has a wife and several children.  However, the documents from the removed state court action, recently filed with the Court, show that on September 28, 2016, Erika Swindall filed a motion for enforcement of child support orders for their daughter, arguing that Baker is in contempt of a court order for failing to notify Swindall he had obtained employment.  Dkt. No. 14-2 at 47 ¶ 10.

It thus appears that the Court has inadequate information to determine if Baker is entitled to proceed in this Court as a pauper.  The Court need not reach that issue, however, as it is clear from the face of the pleadings filed by Baker that the Court lacks subject matter jurisdiction over this case, and that it should be remanded to state court.  Accordingly, the Court **DENIES** Plaintiff Michael P. Baker's Application to Proceed *In Forma Pauperis* (Dkt. No. 10) as **MOOT**.

## II.  JURISDICTION

When a case has been removed to federal court, the removal statute directs that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  Though a court may not sua sponte remand a case for procedural defects, the court *must* remand a case if it determines that it lacks subject matter jurisdiction.  *Coleman v. Alcolac, Inc.*, 888 F. Supp. 1388, 1394 (S.D. Tex. 1995).

Prior to removal this case was pending in the 126th Judicial District Court for Travis County. The case is a suit affecting the parent-child relationship of a child born April 30, 2015. On September 22, 2016, the state court entered a document titled Order in Suit Affecting the Parent-Child Relationship.  Dkt. No. 14-2.  It states that Baker acknowledged paternity of the child, it adjudicates him the father, and requires him to pay the child's mother, Erika Swindall, $2,736.00 in back child support.  *Id.*  The order further requires that Baker inform Swindall if he obtains employment, and once employed, orders Baker to hand over his first three paychecks toward the arrearage balance.  *Id.* at 20.  Six days after the entry of the order, on September 28, 2016, Swindall filed a motion seeking to enforce this order, in which she alleged, among other things, that Baker was

in contempt for failing to pay support in accordance with the order and for failing to inform Swindall that he had obtained employment. *Id.* at 47 ¶ 10. Swindall requested that Baker be held in contempt of court, jailed, and fined.  On September 29, 2016, Travis County District Judge Amy Clark Meachum entered an order requiring Baker to appear in court on October 20, 2016, and respond to Swindall's motion.  In a plain attempt to avoid that hearing, on October 17, 2017, Baker removed the paternity case to this Court.

In addition to his notice of removal and request to proceed as a pauper, Baker filed six other pleadings:

- Notice of Constitutional Questions to Federal Statute 28 USC 1443 (Dkt. No. 3)

- Memorandum of Law Clarifying Established Federal Jurisdiction (Dkt. No. 5)

- Notice of Pre-emptive Constitutional Challenge to the Unlawful Discrimination of Separate Racial Classes via *Georgia v. Rachel* (Dkt. No. 6)

- Notice of Pending Amendment of Petition into Full Complaint (Dkt. No. 7)

- Notice of Special *Pro Se* Litigant Rights (Dkt. No. 8)

- Notice Distinguishing Between the Two Basic Types of Removal; and Motion for Issuance of Preliminary Relief in the Alternatives (Dkt. No. 9)

Without belaboring the point, in brief, Baker argues that his removal of the case to federal court is proper because, in its treatment of him in the family court matter, the state court violated his civil rights, violated his constitutional rights , abused its power, and did not afford him due process. Baker complains that the child support award was unjust as it classified him as the "non-custodial parent," awarded "regular portions of my money to be paid to [Swindall]," Dkt. No 1 at 12, and "created a legally fictitious civil debt of child support."  *Id.* at 15.  Without repeating the many allegations of all of these pleadings, in brief, Baker contends that because of constitutional rights were violated by

the state court, he has the right to remove the paternity and child support proceedings to federal court.[1]

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Even giving Baker the benefit of the doubt, this case is plainly subject to dismissal for lack of jurisdiction. First, under the domestic relations exception to federal jurisdiction, federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues. *Rykers v. Alford,* 832 F.2d 895, 899 (5th Cir. 1987). This well-settled and longstanding doctrine is based on the principles that: (1) the state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing supervision, a task for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such cases serve no particular federal interest, while crowding the federal court docket. *Id.* at 899-900. "If the federal court must determine which parent should

---

[1]Baker appears to have borrowed liberally from someone else's work in his pleadings. For example, in his primary brief ("Memorandum of Law Clarifying Established Federal Jurisdiction"), he contends that he is "within his *federal* rights to bring a *federal* court tort action for civil damages over the past several years' worth of undue interference with the parent-child relationship rights he was *supposed* to have with his son. . . ." Dkt. No. 5 at 6 (emphasis original). Given that this is not a tort case, that the child at issue in the state court case is a female, and she was born in April of this year, it is apparent that Baker is borrowing briefing from some source.

receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Id.* at 900.

Moreover, under the *Rooker–Feldman* doctrine the Court lacks jurisdiction over what is plainly an attempt by Baker to attack an order entered against him in state court. As the Fifth Circuit has explained:

> The Supreme Court has definitively established, in what has become known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotations and footnotes omitted). Federal courts frequently apply the doctrine to bar federal jurisdiction over family law matters such as child support and divorce proceedings. *See, e.g.*, *Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403–04 (7th Cir. 2002) (finding suit challenging contempt order enforcing child support order barred by *Rooker–Feldman*); *Laskowski v. Attorney Gen. of Tex.*, 2006 WL 2479101, at *2 (S.D. Tex. Aug. 25, 2006) (finding suit challenging child support arrearages barred by *Rooker-Feldman*). The general principle of the *Rooker-Feldman* doctrine—that a federal court lacks power to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and invoking district court review and rejection of those judgments"—is on all fours with the facts of this case. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Baker was ordered by a state court to make child support payments, he failed to do so, and the state court ordered him to appear and explain that failure. He

now desires to attack those orders in federal court on due process or other constitutional grounds. The *Rooker-Feldman* doctrine forbids this Court from permitting such an attack.

## III.  ORDERS AND RECOMMENDATIONS

Based upon the foregoing, the undersigned **RECOMMENDS** that the district judge **REMAND** this action to state court, **DENY AS MOOT** all pending motions, and close this case. The Court further **RECOMMENDS** that the district judge **WARN** Baker that the continued pursuit of groundless removal claims could result in an order requiring him to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," as permitted by 28 U.S.C. § 1447(c).

**IT IS LASTLY ORDERED** that this cause of action be **REMOVED** from the undersigned's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466,

472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of November, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE